JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN JAUDON

## DEFENDANTS
SWARTHMORE COLLEGE

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DELAWARE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire, I.D. NO.:  21374
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila, PA 19103 (P) 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending |  | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |  |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII OF THE  CIVIL RIGHTS ACT OF 1964 AND 1991, AS AMENDED, 42 U.S.C. SEC. 2000 (e) (TITLE VII)
Brief description of cause:
Employment  Discrimination

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $  150,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   06/05/2019

SIGNATURE OF ATTORNEY OF RECORD   /s/ SIDNEY L. GOLD, ESQUIRE  - ATTORNEY FOR PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5634 Diamond Street, Philadelphia, PA 19131 _____

Address of Defendant: _____ 500 College Avenue, Swarthmore, PA 19081 _____

Place of Accident, Incident or Transaction: _____ 500 College Avenue, Swarthmore, PA 19081 _____

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/05/2019 _____   /s/ Sidney L. Gold, Esq. _____   21374 _____
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE _____, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 06/05/2019 _____   /s/ Sidney L. Gold, Esq. _____   21374 _____
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5634 Diamond Street, Philadelphia, PA 19131 _____

Address of Defendant: _____ 500 College Avenue, Swarthmore, PA 19081 _____

Place of Accident, Incident or Transaction: _____ 500 College Avenue, Swarthmore, PA 19081 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/05/2019__    __/s/ Sidney L. Gold, Esq.__    __21374__
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __06/05/2019__    __/s/ Sidney L. Gold, Esq.__    __21374__
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JOHN JAUDON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| SWARTHMORE COLLEGE | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)

| | | |
|---|---|---|
| 06/05/2019 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN JAUDON, | : |
|                ***Plaintiff,*** | : |
|     v. | : |
|  | : |
| SWARTHMORE COLLEGE | : |
|                ***Defendant.*** | : |

CIVIL ACTION NO:

JURY TRIAL DEMANDED

## COMPLAINT AND JURY DEMAND

**I.**   **PRELIMINARY STATEMENT:**

1.　　This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, John Jaudon ("Plaintiff"), a former employee of Defendant, Swarthmore College ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

2.　　This action arises under 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.

**II.**   **JURISDICTION AND VENUE:**

3.　　The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on §1981 and Title VII, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

4.　　The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider the Plaintiff's claims arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. On March 8, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

## III.   PARTIES:

6.     Plaintiff, John Jaudon ("Plaintiff"), is an African-American citizen of the Commonwealth of Pennsylvania, residing therein at 5634 Diamond Street, Philadelphia, Pennsylvania 19131.

7.     Defendant, Swarthmore College ("Defendant") is a private educational institution maintaining an administration office at 500 College Avenue, Swarthmore, Pennsylvania 19081.

8.     At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.     At all times material herein, the Defendant has been a "person" and "employer" as defined under §1981, Title VII, and the PHRA, and accordingly is subject to the provisions of each said Act.

## IV.   STATEMENT OF CLAIMS

10.    Plaintiff was employed by the Defendant from in or about May of 1999 until on or about May 15, 2018, the date of his termination.

11.    During the course of his employment with the Defendant, Plaintiff held the position of Assistant Track Coach, and at all times maintained an excellent job performance. By way of elaboration, during the 2017-2018 track season, Defendant's Women's Track Team

placed second in the 2018 Centennial Conference Championships, and Defendant's Men's Track Team placed third in the 2018 Centennial Conference Championships.

12.     At all times relevant hereto, Plaintiff has been Defendant's sole African-American Track Coach, and one of only two African-American coaches throughout Defendant's entire athletics program comprised of approximately eighty (80) coaches.

13.     Throughout Plaintiff's employment, the Defendant has subjected Plaintiff to a hostile work environment by way of racially offensive commentary and remarks.

14.     On one such occasion, during a bus trip to a track meet, Peter Carroll ("Carroll"), Head Track Coach and John Noon ("Noon"), Assistant Track Coach, both Caucasian individuals, expressed their surprise that Plaintiff was seated toward the back of the bus, and discriminatorily remarked, "I thought black people didn't want to sit at the back of the bus."

15.     As further evidence of discrimination, Carroll and Noon frequently commented on Plaintiff's use of sunscreen and expressed their erroneous belief he did not require the same based upon his skin color.

16.     Moreover, following a storm resulting in a significant amount of snowfall which caused Plaintiff to miss a track meet, Carroll questioned whether Plaintiff's inability to attend was due to Philadelphia's failure to clear snow off of the streets in "the hood," thereby insinuating that Plaintiff lived in a poverty stricken area based on his race.

17.     On another occasion, Carroll and Plaintiff attended a track meet at Florida A&M University, which is a Historically Black College University (HBCU). Upon noticing that a concession stand sold fried crab legs, Carroll exclaimed to Plaintiff "you guys will fry everything!" When Plaintiff asked what Carroll meant by "you guys," Carroll laughed and responded "you know what I mean by 'you guys'" thereby acknowledging that he was referring

to Plaintiff's race. Additionally, while eating dinner together at an out of town meet, Carroll

expressed his belief that Plaintiff would love the restaurant because fried chicken was on the

menu.

18.    On yet another occasion, Carroll noticed Plaintiff speaking with the family of an

African-American student that Plaintiff had recruited. Following said conversation, Carroll

remarked to Plaintiff "you guys really stick together, don't you?" thereby insinuating that

Plaintiff had a good rapport with the family based solely on his race. During the same

conversation, Carroll expressed his discriminatory belief that African-American students do not

value education and frequently drop out of college.

19.    On or about May 22, 2017, Carroll issued Plaintiff an "expectation" letter setting

forth a directive to begin recruiting student athletes. Significantly, throughout the prior eighteen

(18) years of his employment, Defendant had never required Plaintiff to engage in recruiting

activities. Nonetheless, Plaintiff began an aggressive campaign to recruit student athletes.

20.    In or about May of 2018, Plaintiff received an email from Carroll scheduling a

year end meeting. On or about May 15, 2018, Carroll abruptly terminated Plaintiff's

employment, allegedly because of recruiting deficiencies.

21.    Curiously, all of Defendant's Track Coaches combined recruited only

approximately five (5) student athletes during the 2017 – 2018 school year, as most student

athletes join the team as a "walk on." Moreover, several Caucasian Assistant Track Coaches

failed to recruit any student athletes, yet were not similarly terminated.

22.    Moreover, at no time prior to his termination was Plaintiff informed that his

performance or recruiting efforts were in any way deficient.

23.     Plaintiff believes and avers that the articulated reason for his termination is pretextual, and that Defendant actually terminated his employment on the basis of his race (African-American).

## COUNT I
### (42 U.S.C. §1981)
### (Race Discrimination, Hostile Work Environment)
### Plaintiff vs. Defendant

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of his Complaint as though fully set forth at length herein.

25.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to race discrimination and a race-based hostile work environment, constituted violations of 42 U.S.C. §1981.

26.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, as aforesaid, Plaintiff sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

27.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (Title VII)
### (Race Discrimination, Hostile Work Environment)
### Plaintiff vs. Defendant

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of his Complaint as though fully set forth at length herein.

29.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to race discrimination and a race-based hostile work environment, constituted violations of Title VII.

30.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA)
### (Race Discrimination, Hostile Work Environment)
### Plaintiff vs. Defendant

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of his Complaint as though fully set forth at length herein.

33.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to race discrimination and a race-based hostile work environment, constituted violations of the PHRA.

34.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

36.    Plaintiff incorporates by reference paragraphs 1 through 35 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant, and order that:

a.    Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b.    Defendant compensate Plaintiff with an award of front pay, if appropriate;

c.    Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

d.    Defendant pay to Plaintiff pre-judgment and post-judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e.    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

                              SIDNEY L. GOLD & ASSOCIATES, P.C.

                    By:    /s/Sidney L. Gold, Esquire
                           SIDNEY L. GOLD, ESQUIRE
                           I.D. NO.: 21374
                           1835 Market Street, Suite 515
                           Philadelphia, PA 19103
                           (215) 569-1999
                           **Attorney for Plaintiff**

Dated:  June 5, 2019

## VERIFICATION

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 6 | 3 | 19

JOHN JAUDON, PLAINTIFF